```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
UNITED STATES OF AMERICA      :
                              :       S4 02 Cr. 150 (LAP)
     - against -              :
                              :
MICHAEL FREEMAN,              :       Memorandum and Order
     a/k/a "Naidoo Miles,"    :
                              :
          Defendant.          :
                              :
------------------------------x
```

LORETTA A. PRESKA, U.S.D.J.:

      Michael Freeman, a/k/a Naidoo Miles, ("Freeman" or "Defendant") was charged with one count each of conspiracy to distribute and possess with intent to distribute narcotics, conspiracy to commit robbery, discharge of a firearm, and two counts of felony murder after his involvement in an attempted robbery of a marijuana stash house on January 26, 2002. On March 9, 2005, after a two-week trial, a jury convicted Defendant of narcotics conspiracy, conspiracy to commit robbery, and discharging a firearm during and in relation to a drug trafficking crime and a crime of violence. Defendant was acquitted of the two felony murder charges.

      Defendant now moves for: 1) acquittal of the narcotics conspiracy charge and the discharge element of the firearms possession charge; and 2) a new trial on the grounds that Defendant was precluded from introducing into evidence the complete substance of an oral statement made by Defendant. For the reasons set forth below, Defendant's motions are denied.

DISCUSSION

The standard for determining when a post-verdict acquittal is appropriate is relatively clear. Rule 29 of the Federal Rules of Criminal Procedure provides that a court reviewing a motion for acquittal must view the evidence "in the light most favorable to the government." United States v. Zagari, 111 F.3d 307, 327 (2d Cir. 1997). "The verdict will be sustained unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 327.

The first asserted basis for acquittal is that the evidence did not establish that Defendant engaged in the drug distribution conspiracy detailed in Count One of the indictment. Defendant points out that the only evidence the Government offered in support of Count One was the quantity of drugs involved in the robbery, 39 pounds of marijuana. By itself, Defendant argues, the weight "is insufficient to support a finding of an 'intent to distribute.'" Def. Mem. at 3.[1]

However, when viewed in the context of the situation, the quantity of drugs is sufficient to support a finding that the drugs were meant for distribution. See United States v. Swiderski, 548 F.2d 445, 450 (2d Cir. 1977) (holding that intent

---

[1] "Def. Mem." refers to Defendant's Memorandum of Law in Support of Post-Trial Motions filed on May 2, 2005.

to distribute may be proven by surrounding circumstances including the quantity of drugs). In this instance, Defendant attempted to steal 39 pounds of marijuana, an amount equivalent to approximately 35,380 marijuana cigarettes, which, at a rate of one marijuana cigarette per day, would take a person 96 years to consume. Gov. Mem. at 13.[2] In addition, Defendant possessed two firearms during the attempted robbery, both of which were discharged, and admitted to participating in three other similar robberies in which he had also used a gun. Accordingly, the evidence presented to the jurors, especially when viewed in the light most favorable to the Government, was sufficient to support the jury verdict.

In addition, Defendant's argument contradicts the relevant jury instruction, to which Defendant did not object at the charge conference:

> [I]f you find that the defendant had possession of a controlled substance, you must decide whether the controlled substance in the defendant's possession . . . were [sic] for his own personal use or for the purpose of distribution or delivery to another. Often it's possible to make this determination nation [sic] from the quantity of the controlled substances that you find the defendant possessed, although the possession of a large quantity of controlled substances does not necessarily mean that the defendant intended to distribute them.

---

[2]"Gov. Mem." refers to the Government's Memorandum filed on May 12, 2005.

Tr. 970.[3]

Turning to the firearms charge, the evidence was sufficient to establish that Freeman possessed a firearm during a drug trafficking crime and that that firearm was discharged during the robbery. The law does not require that the discharge have been caused by Freeman, and counsel for Defendant has cited no authority so holding. Section 924(c)(1)(A)(iii) of Title 18 of the United States Code requires simply that the firearm be discharged.[4] A plain reading of the statute makes clear that no further analysis of this issue is warranted. Thus, I find that Defendant has not met his burden of demonstrating that no rational trier of fact could have found the elements of the drug conspiracy and firearm discharge crimes based on the evidence.

---

[3] "Tr." refers to the trial transcript.

[4] The statute reads, in pertinent part:
> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–
>
> . . .
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(iii).

Finally, Defendant argues that a new trial is required because an evidentiary ruling excluding the latter portion of one of his statements was made in error. "Upon the defendant's motion the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "It is only when it appears that an injustice has been done that there is a need for a new trial 'in the interest of justice.'" United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992).

The alleged injustice Defendant raises is noncompliance with the completeness doctrine, which "require[s] that a statement be admitted in its entirety when that is necessary to explain the admitted portion, to place it in context, or to avoid misleading the trier of fact." United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982) (internal citations omitted). See also Fed. R. Evid. 106.[5]

Defendant claims that the excluded portion of his statement, that he "did not know his friends were going to rob place [sic]," was necessary under the completeness doctrine to explain the first part of his statement, that defendant was there "to buy weed." Def. Mem. at 6.

As was held during trial, the two portions of the

---

[5] When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it. Fed. R. Evid. 106.

5

statement are "entirely different," and the second portion is not necessary "to explain the first portion or to put it in context." Tr. 723. Defendant has offered no new evidence to demonstrate otherwise. Thus, I reaffirm my decision to exclude the latter portion of Defendant's statement and find that the exclusion of the above-referenced portion of Defendant's statement does not amount to an injustice that necessitates a new trial.

CONCLUSION

For the foregoing reasons, Defendant's motions for acquittal and a new trial are denied.

SO ORDERED.

Dated: New York, New York
June 29, 2005

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.

6