UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>-against-<br><br>MICHAEL FREEMAN,<br><br>                    Defendant. | No. 02-CR-150 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Michael Freeman's second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

    Michael Freeman was charged in a five count indictment with conspiring to distribute and possess with intent to distribute marijuana; conspiring to commit Hobbs Act robbery; using, possessing and carrying a firearm during and in relation to a crime of violence or a drug trafficking crime (Counts One, Two, and Three, respectively), and two counts of committing murder with a firearm during and in relation to a crime of violence or drug trafficking crime (Counts Four and Five).  See Superseding Indictment, S4 02 Cr. 150 (LAP), dated October 5, 2004 [dkt. no. 145].)  Following a two-week trial, the jury returned a verdict of guilty on Counts One, Two, and Three, and acquitted on Counts Four and Five.  Judgment was entered on September 27, 2005, and was timely appealed.  The Court of Appeals affirmed the

1

conviction on November 14, 2007.  See United States v. Johnson, 507 F.3d 793 (2d Cir. 2007), cert. denied, 552 U.S. 1301 (2008).

Freeman's first Section 2255 petition was denied by order dated October 13, 2010.  (Dkt. no. 223.)  On January 26, 2016, following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the Court of Appeals granted Freeman leave to file a successive Section 2255 petition in light of Johnson.  (Dkt. no. 235.)

Freeman filed the instant motion on January 28, 2016. (Dkt. no. 237).  The Court granted a stay pending the outcome of a potentially controlling case in the Court of Appeals.  (Dkt. no. 244).  On October 25, 2019, the Government opposed Freeman's motion.  (Dkt. no. 255.)  Defendant filed two supplemental submissions dated January 8 and March 29, 2020, respectively. (Dkt. nos. 256, 257.)  On May 26, 2022, the Court ordered the Government to supplement its opposition in light of certain additional intervening Court of Appeals decisions.  (Dkt. no. 265.)  The Government filed its supplemental memorandum on June 24, 2022.  (Dkt. no. 267.)

As relevant here, Section 924(c) provides that it is unlawful for any person (1) to use or carry a firearm during and in relation to any "crime of violence" or "drug trafficking crime" or (2) to possess a firearm in furtherance of any "crime of violence" or "drug trafficking crime."  The Court of Appeals

has held that Count Two--Hobbs Act robbery conspiracy--is not a "crime of violence" that can support a conviction under Section 924(c).  United States v. Barrett, 937 F.3d 126, 127 (2d Cir. 2019).  There is no doubt, however, that Count One--the narcotics trafficking conspiracy—is a "drug trafficking crime" for purposes of Section 924(c).[1]  Thus, the question presented by Freeman's petition is whether, in light of Johnson and its progeny, his Section 924(c) conviction for possessing and discharging a firearm in furtherance of a narcotics trafficking conspiracy and a Hobbs Act robbery conspiracy should be vacated because it may have been predicated on the Hobbs Act robbery conspiracy (which is an invalid predicate offense), rather than the narcotics trafficking conspiracy (which is a valid predicate offense).

Freeman argues that because the jury was not required in a special verdict form to specify whether it based the Section 924(c) conviction on the narcotics trafficking conspiracy, the robbery conspiracy, or both, the Section 924(c) conviction should be vacated.  (See Mot. at 9.)  The Government counters

---

[1] The statute defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).  Freeman was found guilty of participating in a narcotics conspiracy pursuant to 21 U.S.C. § 846, which is a felony punishable under the Controlled Substances Act.

that the Section 924(c) charge "was tied not only to a Hobbs Act robbery conspiracy, but also to a drug trafficking conspiracy, . . . and in this case the drug trafficking conspiracy was inextricably intertwined with the Hobbs Act robbery conspiracy." (Opp. at 1.)

The Government agrees that vacatur of the Section 924(c) conviction would be appropriate if it were "impossible to tell which ground the jury selected, the legally sufficient ground or the insufficient one." (Opp. at 2 (quoting United States v. Agrawal, 726 F.3d 235, 250 (2d Cir. 2013).) But, the Government contends, "[s]ince the very point of the Hobbs Act conspiracy was the effectuation of the narcotics conspiracy, there is no risk at all that the jury based the Section 924(c) conviction solely on the Hobbs Act conspiracy--the possession of a gun in connection with robbing a stash house necessarily furthered the charged drug trafficking conspiracy of which Freeman was convicted." (Opp. at 2.)

The Court agrees that, because the only robbery conspiracy presented at trial involved a conspiracy to rob drug dealers and to distribute the recovered narcotics, the robbery conspiracy is "inextricably intertwined" with the charged narcotics conspiracy. In United v. Vasquez, 672 F. App'x 56 (2d Cir. 2016) (summary order), on a direct appeal from his convictions of (1) conspiracy to distribute narcotics; (2) conspiracy to

4

commit Hobbs Act robbery; and (3) discharge of a firearm in relation to a drug trafficking crime or crime of violence, see id. at *58, the Court held that Vasquez's Section 924(c) conviction was "clearly supported by a narcotics predicate" because "the sole . . . theory supporting Vasquez's [Section] 924 convictions is that co-conspirator Polanco fatally discharged a firearm in furtherance of an agreement to rob drug dealers and to distribute any recovered narcotics and narcotics proceeds," id. at *61.  The same is true here.  As the Court in this case noted at sentencing, "these co-conspirators were in the business of robbing drug dealers.  They had one purpose that evening, and that was to rob these drug dealers."  (Sent. Tr. at 36; see also Dkt. no. 173 at 1-2; id. at 2-3 ("[W]hen viewed in the context of the situation, the quantity of drugs is sufficient to support a finding that the drugs were meant for distribution.  In this instance, Defendant attempted to steal 39 pounds of marijuana. . . .  In addition, Defendant . . . admitted to participating in three other similar robberies in which he had also used a gun." (cleaned up).)

Indeed, in Freeman's first Section 2255 petition, he argued that Counts One and Two were duplicitous and impermissibly "meshed together" because his "agreement largely was to attempt to commit a gunpoint robbery for marijuana in violation of 21 U.S.C. § 846, and the means by which to perform this conspiracy

5

was by conspiring under the Hobbs Act." (Dkt. no. 4 in 09-cv-4087, at 9-10.)

Consistent with the reasoning in Vasquez, Freeman's convictions for narcotics trafficking and Hobbs Act robbery conspiracies were inextricably intertwined such that there is no concern that the jury could have found that a firearm was used in connection with one and not the other. Accordingly, the Section 924(c) conviction is supported by the narcotics trafficking conviction, and Defendant's motion to vacate his Section 924(c) conviction (dkt. no. 237) is DENIED.

The Clerk of the Court shall mail a copy of this order to Defendant and close the open motions at dkt. nos. 237, 256, and 257.

**SO ORDERED.**

Dated:   June 30, 2022
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge