UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Michael Freeman,
   Movant,

v.                                                      Case No.: 02-CR-150 (LAP)

United States of America,
   Respondent.
_____/

## MOTION FOR RECONSIDERATION BASED ON A JUNE 30, 2022 DENIAL

   COMES NOW, Movant files this Motion, Pro-se.  Movant is a layman of the law, is unskilled in the law, and therefore requests that this Motion will be construed liberally.  **Haines v. Kerner**, 404 U.S. 519 (1972).

   Movant states the following reasons for this Reconsideration Motion:

Because Mr. Freeman has not pointed to any "matters or controlling decisions which [he] believes the Court has overlooked, Local Civil Rule 6.3, the motion is denied. The Clerk of Court shall mail a copy of this order to Mr. Freeman.

12/11/23

SO ORDERED

_Loretta A. Preska_
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

In light of **Johnson v. United States**, 135 S. Ct. 2551 (2015); **United States v. Davis**, 139 S. Ct. 2319 (2019); **Welch v. United States**, 136 S. Ct. 1257 (2016); and now **Taylor v. United States**, 596 U.S. _____ (2022), U.S. Supreme Court cite 20-1459, Movant's Title 18 U.S.C. § 924(c) conviction for possessing and discharging a firearm in furtherance of a conspiracy to commit Hobbs Act robbery, should be vacated, because it was predicated on the Hobbs Act robbery conspiracy, which is an invalid predicate offense, rather than Movant's narcotics trafficking conspiracy offense, which is a different offense.

The jury in this case specifically stated guilty to Count two of the Movant's jury instruction verdict form sheet:

"How do you find the defendant with respect to Count two, conspiracy to commit robbery? Guilty on Count two."

"How do you find the defendant with respect to Count three, possession of a firearm during and in relation to a drug trafficking crime or a crime of violence? Guilty."

The jury verdict sheet states, in which is ambiguous, and cannot stand, according to **Davis** and **Taylor**, supra. Movant cannot be guilty of a drug trafficking crime and/or a crime of violence in one count. Congress simply did not mean for the Movant to be found guilty of two offenses in one count in the manner that it is structured in Movant's Count three. See **Taylor**, **Davis**, and **Johnson**, supra. See the Movant's jury sheet in Exhibit "A."

Movant's Count two and three are not crimes of violence, according to **Davis v. United States**, **Johnson v. United States**, and **Taylor v. United States**, all supra.

Counts one and two of Movant's indictment deal with "attempt," as the judge stated in its order of June 30, 2022. "Attempt" to commit a gunpoint robbery and an "attempt" to steal 39 pounds of marijuana. See **Taylor**, supra. Congress simply did not intent for the Movant to be charged with "attempt" and Hobbs Act robbery, one being required for a jury verdict and the other not. Attempt to use, use, or threaten to use, are not required to a jury beyond a reasonable doubt for an attempted Hobbs Act robbery. While Hobbs Act robbery is required beyond a reasonable doubt, "attempted" is not required. Congress simply did not intend at all for the Movant to be charged with one offense being required beyond a reasonable doubt, while "attempt" to commit Hobbs Act robbery is not required.

2

See **Taylor**, supra.

Your Honor, attempted Hobbs Act robbery does not qualify as a "crime of violence" for Movant's count two or count three under § 924(c)(3)(A), because no element of the offense requires proof that the Movant used, attempted to use, or threatened to use force. **Taylor v. United States**, supra, pp. 3-13, and the Judge's order on attempt, on page 5, lines 16-23.

"Attempted Hobbs Act" robbery is not a crime of violence, nor a violent crime. Congress in the elements clause did not mandate an empirical inquiry into how crimes are usually committed, let alone impose a burden on the Movant to present proof about the Government's own prosecutorial habits. "Attempted Hobbs Act" does not categorically require proof of the elements § 924(c)(3)(A) demands, nor does "attempted Hobbs Act" require a jury determination beyond a reasonable doubt, and conspiracy to Hobbs Act is not a violent offense. See **Davis**, **Johnson**, and **Taylor**, supra.

Conspiracy to commit Hobbs Act robbery is no longer a valid predicate offense for a § 924(c) conviction.

Applying the categorical approach, conspiracy to commit Hobbs Act robbery is not a violent offense, according to **Taylor** and **Davis**, supra.

Movant's conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery cannot serve as a § 924(c) predicate. See **Taylor** and **Davis** and **United States v. Capriate**, 2021 U.S. Dist. LEXIS 59658 (3/29/2021). Movant identifies **Taylor** and **Davis**, supra, as being cases that state that conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery are not valid predicates under § 924(c) and cannot serve as predicates to keep the Movant incarcerated, based on **Davis**, **Taylor**, and **Johnson**, supra.

Movant's jury instructions sheet did not require the jury to specify which predicate offense or offenses it relied upon in convicting Movant and because of that, the court cannot second guess the jury and say it relied upon the drug trafficking offense, Congress never intended for the Movant not to be able to know which one of the two offenses, in one statute, that the Movant is guilty of. Therefore, Movant is presently serving an unconstitutional conviction.

3

This is in violation of **Davis**, **Taylor**, and **Johnson**, because the Court is stating that Movant could have been convicted of either one of the two offenses in one statute offense, for which is ambiguous. See **Sessions v. Dimaya**, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018); **Davis**; and **Taylor**, supra.

Attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not require proof of use, attempt to use, nor threaten to use force. Movant is presently serving an unconstitutional conviction and sentence, based on a guess of what predicate was or was not used to convict the Movant in counts 2 and 3 if his jury instructions to the jury, knowing that the Court cannot second guess the jury, Movant has and had a Fifth and Sixth Amendment right to know which offenses he was convicted of, and not have to guess at which one in counts 2 and 3.

Movant requests reconsideration of the Court's June 30, 2022 order, based on **Davis** and **Taylor**, supra.

**CONCLUSION**

Movant hopes and prays that this Motion for Reconsideration will be granted, based on the above stated reasons.

Respectfully,

*Michael Freeman*
Michael Freeman

Dated: 7/5/2022

## CERTIFICATE OF SERVICE

I, Michael Freeman, duly swear under the penalty of perjury that I sent a true and correct copy of this Motion to the Clerk of Court for the Southern District of New York.  28 U.S.C. § 1746.

Respectfully,

*Michael Freeman*

Michael Freeman

Dated: 7/5/2022

Mail Box Rule
**Lack v. Houston**, 487 U.S. 266 (1988)

28 U.S.C. § 1746

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA
                                    :
            v.                              S4 02 Cr. 150 (LAP)
                                    :
MICHAEL FREEMAN,
       a/k/a "Naidoo Miles,"        :

            Defendant.              :

- - - - - - - - - - - - - - - x


<u>VERDICT SHEET</u>


COUNT ONE:      Marijuana Conspiracy


        How do you find the defendant with respect to Count One --
participation in a conspiracy to distribute and possess with
intent to distribute marijuana?


            Guilty ___✓___          Not Guilty _____


COUNT TWO:      Robbery Conspiracy


        How do you find the defendant with respect to Count Two --
conspiracy to commit robbery?


            Guilty ___✓__|          Not Guilty _____


        If, and only if, you find the defendant guilty of either
Count One or Count Two, proceed to Count Three.

COUNT THREE:      Possession of a Firearm During and in Relation to
                  a Drug Trafficking Crime or a Crime of Violence

How do you find the defendant with respect to Count Three --
possession of a firearm during and in relation to a drug
trafficking crime or a crime of violence?

Guilty _____✓_____          Not Guilty _____

If, and only if, you find the defendant guilty of Count
Three, do you find that the firearm was discharged?

Yes _____✓_____          No _____

If, and only if, you find the defendant guilty of Count
Three, proceed to Counts Four and Five.

2

COUNT FOUR:      Murder of Joseph McLaughlin, a/k/a "Tallman"

How do you find the defendant with respect to Count Four --
murder of Joseph McLaughlin, a/k/a "Tallman," through the
use of a firearm during an attempted robbery?

Guilty _____          Not Guilty ___✓___

COUNT FIVE:      Murder of Derrick Newman, a/k/a "Bliss"

How do you find the defendant with respect to Count Five --
murder of Derrick Newman, a/k/a "Bliss," through the use of
a firearm during an attempted robbery?

Guilty _____          Not Guilty ___✓___

Date:_____      Foreperson:_____

3

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14L © U.S. Postal Service; May 2020; All rights reserved.

PRES

**UNITED STATES | PRIORITY®
SERVICE® | MAIL**

FROM: Michael Freeman
#51079-054
Federal Correctional Complex Medium
P.O. Box 1032
Coleman, Florida 33521-1032

Crim Dkt
EN

$0.00
AMOUNT 22
33521
R2304W120478-D4

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

9114 9022 0078 9684 4140 12

Label 400 Jan. 2013
7690-16-000-7948

TO: Office of The Clerk
United States District Court
Southern District of New York
The Daniel Patrick Moynihan United
States Courthouse
500 Pearl Street- New York, NY
10067-1312

RECEIVED
JUL 21 2022
CLERK'S OFFICE
S.D.N.Y.

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

d for domestic use.

de up to $50 of insurance

mestic and many intern:

stoms declaration form i

for details regarding claims ex

e.usps.com for availability an

E ENVELOPE

RED

al Flat Rate Envelope
4L May 2020
15 x 9.5